```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

BARBARA FRANCESKI,

        Plaintiff,

    v.

FREEDOM MORTGAGE CORPORATION
and NYCB MORTGAGE COMPANY,
LLC,

        Defendants.

Civil No. 18-13945 (NLH/JS)

**OPINION**

**APPEARANCES:**

ROBERT A. FAGELLA
ZAZZALI, FAGELLA & NOWAK, KLEINBAUM & FRIEDMAN, PC
570 BROAD STREET
SUITE 1402
NEWARK, NJ 07102

    *Attorney for Plaintiff Barbara Franceski.*

DAVID G. MURPHY
REED SMITH LLP
136 MAIN STREET
SUITE 250
PRINCETON, NJ 08540

    *Attorney for Defendant Freedom Mortgage Corporation.*

**<u>HILLMAN</u>, District Judge**

    This case concerns an alleged violation of the Real Estate Settlement Procedures Act of 1974, 12 U.S.C. § 2601, <u>et seq.</u> ("RESPA") and a breach of contract by Defendants in relation to payment of property taxes. Presently before the Court is Defendant Freedom Mortgage Corporation's ("FMC" or "Freedom")

Motion to Transfer.  For the reasons stated herein, this Court will grant, in part, Defendant's Motion to Transfer and stay this action pending the decision of the Eastern District of Virginia.

**BACKGROUND**

This Court takes its facts from Plaintiff's complaint and the filings in the Eastern District of Virginia actions of relevance to this decision.  The facts of the case are relatively straightforward.  Plaintiff owns a residential property in Alexandria, Virginia where she resides.  The property is subject to a mortgage loan.  Prior to October 31, 2017, Defendant NYCB Mortgage Company, LLC ("NYCB") was the lender and servicer of the mortgage.  As part of the agreement, Plaintiff agreed to make payments into an escrow account held by NYCB which was to be used to pay Alexandria City property taxes.

Alexandria City property taxes are paid in two installments, with the first installment due by June 15 and the second due by November 15.  NYCB timely paid the first installment from the escrow account.  Effective October 31, 2017, NYCB transferred the loan and servicing of the loan to FMC.  NYCB did not pay the second installment that was due by November 15.  FMC took over the mortgage and servicing of the mortgage on November 1, 2017 and directed Plaintiff to make payments to it going forward.  Plaintiff did so for the month of

November.  But, FMC did not pay the Alexandria City property tax by November 15, 2017.  This resulted in tax penalties assessed by Alexandria City and reduced the benefit Plaintiff could claim on her federal tax return.  FMC eventually paid the tax and penalty on March 26, 2018.

Two weeks before, on March 12, 2018, Rodney Harrell filed a class action complaint against FMC in the Eastern District of Virginia, Alexandria Division (the "Harrell Action"), which can be found at docket number 1:18-cv-00275-AJT-TCB.  The Harrell Action asserts allegations nearly identical to those asserted in the instant case.  In the Harrell Action, Mr. Harrell's mortgage was transferred from NYCB to FMC effective October 31, 2017, NYCB paid the June Alexandria City tax installment, and FMC failed to pay the November Alexandria City tax installment which caused a penalty to be assessed and Mr. Harrell to pay more in federal taxes.  (Def.'s Mot. to Transfer, Ex. A ¶¶ 5-20.)  The Harrell Action includes three counts: (1) violation of RESPA, 12 U.S.C. § 2605(g), (2) breach of contract, and (3) negligence. (Def.'s Mot. to Transfer, Ex. A, ¶¶ 33-54.)

Motion practice proceeded in the Harrell Action, with Mr. Harrell filing a Motion to Certify the Class on April 30, 2018 and FMC filing a Motion to Dismiss for Lack of Personal Jurisdiction and Failure to State a Claim on May 4, 2018.  On July 18, 2018 the Harrell Action was dismissed by the Honorable

Anthony J. Trenga.  Importantly, Judge Trenga dismissed the case for failure to state a claim, and did not address the merits of the class certification motion nor the merits of the personal jurisdiction arguments asserted by FMC.

On August 16, 2018, Mr. Harrell filed a motion for reconsideration.[1]  On the same day, Stacey Chittick filed a class action complaint against FMC and NYCB in the Eastern District of Virginia, Alexandria Division (the "Chittick Action"), which can be found at docket number 1:18-cv-01034-AJT-MSN.  Again, the Chittick Action asserts allegations nearly identical to those asserted in the instant case.

In the Chittick Action, Ms. Chittick's mortgage was transferred from NYCB to FMC effective October 31, 2017, NYCB paid the June Alexandria City tax installment, and FMC failed to pay the November Alexandria City tax installment which caused a penalty to be assessed and Ms. Chittick to pay more in federal taxes.  (Def.'s Mot. to Transfer, Ex. B ¶¶ 6-16.)  The Chittick Action includes two counts: (1) violation of RESPA, 12 U.S.C. § 2605(g) and (2) breach of contract.  (Def.'s Mot. to Transfer, Ex. B, ¶¶ 38-55.)

It was only on September 17, 2018 that the instant action was filed.  Like the Harrell and Chittick Actions, Plaintiff's

---

[1] On August 17, 2018, Mr. Harrell also filed a motion to consolidate the Harrell Action and the newly-filed Chittick Action.

complaint alleges FMC's failure to pay the Alexandria City property tax is (1) a violation of RESPA, 12 U.S.C. § 2605(g), and (2) a breach of contract.

Most importantly, all three actions purport to be nationwide class actions against FMC. The class and sub-class definitions, respectively, in the three cases are as follows:

> All natural persons residing in the United States (including all territories and other political subdivisions of the United Sates) who (a) had a residential mortgage loan from any lender on real property within the United States or its territories or other political subdivisions; (b) had escrow agreements requiring Freedom to remit either property taxes or hazard insurance premiums or both to the applicable local jurisdictions or insurance carriers from the property owner's escrow account; and (c) have not had their local property taxes paid or hazard insurance premiums paid or both pursuant to the referenced escrow agreements in a timely manner.
>
> * * *
>
> All natural persons residing in the United States (including all territories and other political subdivisions of the United Sates) who (a) had a residential mortgage loan from any lender on real property within the United States or its territories or other political subdivisions; (b) had escrow agreements requiring Freedom to remit property taxes to the applicable local jurisdictions from the property owner's escrow account; and (c) lost their 2017 local property tax deduction on their federal and/or state tax returns due to Freedom's failure to pay his/her/their local property taxes in 2017.

(Def.'s Mot. to Transfer, Ex. A ¶¶ 56-57);

> All natural persons residing in the United States (including all territories and other political subdivisions of the United Sates) who (a) had a residential mortgage loan obtained for primarily nonbusiness purposes from any lender on real property

5

within the United States or its territories or other
political subdivisions; (b) for which Freedom or NYCB
were the mortgage loan servicer; and (c) for which
Freedom and/or NYCB failed to remit property taxes to
the applicable local jurisdictions from the property
owner's escrow account in full and on time in 2017.

**\* \* \***

All natural persons residing in the United States
(including all territories and other political
subdivisions of the United Sates) (a) who had a
residential mortgage loan obtained for primarily
nonbusiness purposes from any lender on real property
within the United States or its territories or other
political subdivisions; (b) for which Freedom and/or
NYCB was the mortgage servicer (c) for which Freedom
and/or NYCB failed to remit property taxes to the
applicable local jurisdictions from the property
owner's escrow account in full and on time in 2017.
and (d) who lost their 2017 local property tax
deduction on their federal and/or state tax returns
due to Freedom's or NYCB's failure to pay
his/her/their local property taxes in 2017.

(Def.'s Mot. to Transfer, Ex. B ¶¶ 57-58);

All natural persons residing in the Untied States
(including all territories and other political
subdivisions of the United States) who (a) had a
residential mortgage loan obtained for primarily non-
business purposes from any lender on real property
within the United States or its territories or other
political subdivisions; (b) had escrow agreements
requiring Freedom or NYCB to remit property taxes to
the applicable local jurisdictions from the property
owner's escrow account; and (c) have not had their
local property taxes paid pursuant to the referenced
escrow agreements in a timely manner

**\* \* \***

All natural persons residing in the United States
(including all territories and other political
subdivisions of the United States) who (a) had a
residential mortgage loan obtained for primarily non-
business purposes from any lender on real property
within the United States or its territories or other

6

political subdivisions; (b) had escrow agreements requiring Freedom or NYCB to remit property taxes to the applicable local jurisdictions from the property owner's escrow account; and (c) lost their 2017 local property tax deduction on their federal and/or state tax returns due to Freedom's or NYCB's failure to pay his/her/their local property taxes in 2017.

(Pl.'s Compl. ¶¶ 50-51.)

On October 23, 2018, the Chittick Action was stayed pending the decision on the Motion for Reconsideration in the Harrell Action. On November 2, 2018, the pending Motion to Transfer was filed in this case. On March 12, 2019, in the Harrell Action, Judge Trenga denied Mr. Harrell's Motion for Reconsideration and to Consolidate. The Harrell Action is currently on appeal before the Court of Appeals for the Fourth Circuit.

As a result of the denial of the Motion for Reconsideration in the Harrell Action, additional relevant filings were made in the Chittick Action. Ms. Chittick filed a Motion to Transfer the Chittick Action to the District of New Jersey. FMC opposed the motion and Judge Trenga denied Ms. Chittick's Motion to Transfer on May 17, 2019. The details of this decision and its contents will be discussed as relevant, infra. Currently pending before Judge Trenga in the Chittick Action is FMC's Motion to Stay pending the appeal in the Harrell Action.

FMC's Motion to Transfer in this case has been fully briefed and is now ripe for adjudication by this Court.

**ANALYSIS**

**A.  Subject Matter Jurisdiction**

This Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1367.

**B.  Motion to Transfer Standard**

FMC has not filed a motion to transfer under any federal statute, but instead moves for transfer based on the "first-to-file" or "first-filed" rule.  Generally, the first-filed rule applies "'[i]n all cases of federal concurrent jurisdiction.'" Wheaton Indus., Inc. v. Aalto Sci., Ltd., No. 12-6965 (RMB/JS), 2013 U.S. Dist. LEXIS 118524, at *5 (D.N.J. Aug. 21, 2013) (quoting Crosley Corp. v. Hazeltine, Corp., 122 F.2d 925, 929 (3d Cir. 1941)).  The rule is grounded in comity, promoting respect among federal courts of equal rank, avoiding duplication of effort and inconsistent judgments, and promoting judicial economy through the sound use of judicial resources.  Id. (citing E.E.O.C. v. Univ. of Pa., 850 F.2d 969, 971-72 (3d Cir. 1988)).

More specifically, the first-filed rule only applies "'where actions are truly duplicative such that a determination in one action leaves little or nothing to be determined in the other.'"  Id. at *5-6 (quoting Nat'l Cas. Co. v. Hertz Equip. Rental Corp., No. 12-5048, 2013 U.S. Dist. LEXIS 71965, at *6-7

8

n.4 (D.N.J. May 21, 2013)). This requires substantial overlap, but "the issues and parties need not be identical." Id. at *6 (citing Maximum Human Performance, Inc. v. Dymatize Enters., Inc., No. 09-235, 2009 U.S. Dist. LEXIS 76994, at *7 (D.N.J. Aug. 27, 2009)).

To determine whether the first-filed rule is applicable, in addition to the above considerations, a court may consider a host of factors, which are found under 28 U.S.C. § 1404(a). Id. (citing Maximum Human Performance, Inc., 2009 U.S. Dist. LEXIS 76994, at *8). The Court will list those factors separately, infra. Once a court determines, under the factors, that the first-filed rule is applicable, a "court may properly dismiss, stay[,] or transfer the second-filed action to avoid duplicative litigation under its 'inherent power.'" Id. (quoting Nature's Benefit, Inc. v. NFI, No. 06-4836 (GEB), 2007 U.S. Dist. LEXIS 62871, at *8-9 (D.N.J. Aug. 27, 2007)). Moreover, "'if the first-filed action is vulnerable to dismissal on jurisdictional grounds, the court in the second-filed action should stay or transfer said action rather than dismiss it outright.'" Maximum Human Performance, Inc., 2009 U.S. Dist. LEXIS 76994, at *9 (quoting Nature's Benefit, Inc., 2007 U.S. Dist. LEXIS 62871, at *9).

Ultimately, the decision of whether to apply the first-filed rule – and, therefore, whether to dismiss, stay, or

transfer an action – is solely within a court's discretion. E.E.O.C. v. Univ. of Pa., 850 F.2d at 977.

### C. Defendant FMC's Motion to Transfer

Defendant FMC's Motion to Transfer asserts one argument: this action should be transferred to the Eastern District of Virginia pursuant to the first-filed rule. FMC argues that because the other two actions were filed first, the defendants in those actions are identical or nearly identical to the ones in this action, and the allegations and legal issues are nearly identical, this action should be transferred to the Eastern District of Virginia.

While Plaintiff does not argue FMC is incorrect in its characterization of the Harrell and Chittick Actions, it presents three reasons why transfer is inappropriate: (1) a personal jurisdiction argument asserted by FMC in the Harrell Action is inconsistent with the pending Motion to Transfer here; (2) the statutory text of 12 U.S.C. § 2614 permits multiple class actions; and (3) the 28 U.S.C. § 1404 public and private factors do not support transfer.

The Court will begin by addressing FMC's argument on the merits and determining whether the first-to-file rule is applicable to this action. Next, the Court will analyze the appropriate action under the first-filed rule: dismissal, transfer, or a stay. Within that discussion, the Court will

consider Plaintiff's remaining arguments concerning FMC's personal jurisdiction argument in the Harrell Action and whether the language of § 2614 counsels a different path.

    a. Whether the First-Filed Rule is Applicable

The Court must first determine whether the first-filed rule applies to this action. FMC asserts it does apply and it appears Plaintiff does not disagree, as nowhere in her opposition brief does Plaintiff assert the first-filed rule is inapplicable. Instead, Plaintiff only argues that transfer is inappropriate. Those arguments will be decided, infra.

The Court finds the first-filed rule is applicable. This action, the Harrell Action, and the Chittick Action were all filed in federal district court. Thus, this issue concerns concurrent, federal jurisdiction. This action was filed after both the Harrell and Chittick Actions had been filed. The parties are nearly identical, with all three including FMC as a defendant and two of the three including NYCB as a defendant. All three contain indistinguishable class and sub-class definitions, which must be considered in a class action as the parties rather than the class representatives. See Catanese v. Unilever, 774 F. Supp. 2d 684, 688 (D.N.J. 2011) ("'In a class action, the classes, and not the class representatives, are compared.'" (quoting Ross v. U.S. Bank Nat'l Ass'n, 542 F. Supp. 2d 1014, 1020 (N.D. Cal. 2008))). All three actions contain

nearly identical factual allegations and all three include the same RESPA and breach of contract claims. As the first-filed rule only requires "substantial overlap" and this case is nearly identical to the Eastern District of Virginia actions, the Court finds the first-filed rule is applicable.

      b. <u>Whether Dismissal, Transfer, or a Stay is Appropriate</u>

The § 1404 factors may be considered by a court when deciding whether transfer under the first-filed rule is appropriate. The parties have devoted argument in their briefing to addressing the § 1404 factors. But, FMC has also argued that the Court need not consider the § 1404 factors because courts in the Third Circuit have consistently held that a finding that the first-filed rule is applicable alone is sufficient to support transfer. FMC is correct. "Courts in this Circuit have frequently held that the pendency of a related or similar case in another forum is a powerful reason to grant a motion for a change of venue." <u>See</u> <u>Am. Inst. for History Educ., LLC v. E-Learning Sys.</u>, No. 10-2607 (RMB/KMW), 2010 U.S. Dist. LEXIS 120946, at *7-9 (D.N.J. Nov. 16, 2010) (citing cases from within the Third Circuit holding similarly) (citations omitted).

The Court finds it need not address the § 1404 factors for multiple reasons. First, the case law within the Third Circuit, as cited <u>supra</u>, clearly states those factors need not be considered. Second, this Court's action is contingent on the

12

Eastern District of Virginia's decision on personal jurisdiction. In other words, the central issue here is not the § 1404 factors, but what action by this Court is most sensible in the absence of a ruling by the Eastern District of Virginia on the personal jurisdiction issue. Accordingly, this Court will not consider the § 1404 factors.

Instead, this Court will consider the interplay of FMC's personal jurisdiction argument and the policy basis of the first-filed rule. Thus, the Court will explain the personal jurisdiction argument made in the Harrell Action, examine the basis of the first-filed rule, and, finally, analyze the possible ramifications of dismissal, transfer, or stay.

First, the Court examines FMC's personal jurisdiction argument. In the Harrell Action, as Plaintiff points out, FMC argued the Eastern District of Virginia did not have personal jurisdiction over the nationwide class action because the decision in Bristol-Myers Squibb Co. v. Superior Court of California, 137 S. Ct. 1773 (2017) held that a nationwide class action may only be brought in federal court in a defendant's state of citizenship – i.e., where it would be subject to general jurisdiction. If the claim is brought where specific jurisdiction may only be asserted, then personal jurisdiction is limited to just those claims properly within a federal court's specific personal jurisdiction. FMC argued in the Harrell

Action that those claims should be limited to those arising in Virginia.

Next, the Court examines the policy basis for the first-filed rule. As discussed in Catanese, the first-filed rule's policy basis is to "'encourage[] sound judicial administration that promotes comity among federal courts of equal rank . . .[,] avoid burdening the federal judiciary[,] and . . . prevent the judicial embarrassment of conflicting judgments.'" 774 F. Supp. 2d at 687 (quoting E.E.O.C. v. Univ. of Pa., 850 F.2 at 971, 977). The first-filed rule is "grounded in principles of equity" and should not be "'mechanically applied.'" Id. (quoting E.E.O.C. v. Univ. of Pa., 850 F.2 at 976-77). Thus, the touchstones of the first-filed rule that the Court must consider are comity between federal courts of equal rank, judicial economy, or the avoidance of duplication of effort, and prevention of conflicting judgments.

Finally, the Court will consider the parties opposing views on transfer to determine the action most faithful to the policy of the first-filed rule. FMC's proposal to transfer this action to the Eastern District of Virginia surely avoids some duplication of effort and promotes comity between the districts. However, underneath lurks the pernicious personal jurisdiction issue asserted by FMC in the Harrell Action and surely to be asserted in the Chittick Action, if permitted to proceed. If

the Court were to grant transfer, the national class action could very well be dismissed against FMC on personal jurisdiction grounds. Then, this Court would return to the current position. The only difference: the Court may be able to proceed with the case - assuming its merit.[2] While comity would be served, judicial economy may not be served. Depending on how long the Harrell and Chittick Actions take to litigate, Plaintiff here may lose the opportunity to sue on behalf of the class because the statute of limitations has lapsed and the Eastern District of Virginia actions have been dismissed on personal jurisdiction grounds. FMC's proposal, thus, is deficient in a number of respects.

Plaintiff's solution is no better. To not transfer the action and to continue pursuing active litigation could put this Court into conflict with the Eastern District of Virginia or the Fourth Circuit Court of Appeals. Either of those situations sows confusion, could lead to inconsistent judgments, and creates duplication of effort. Obviously, proceeding would serve none of the policy reasons undergirding the first-filed

---

[2] Obviously, the Court notes dismissal on the merits may occur for any number of reasons in the Harrell and Chittick Actions, and has already occurred in the Harrell Action. If dismissal on the merits occurred, then the policy of the first-filed rule is served. As discussed infra, transfer is not the only way to achieve these goals.

15

rule.[3]

Based on the arguments in the Harrell Action, the case law appears to foreclose dismissal of the action. "'[I]f the first-filed action is vulnerable to dismissal on jurisdictional grounds, the court in the second-filed action should stay or transfer said action rather than dismiss it outright.'" Maximum Human Performance, Inc., 2009 U.S. Dist. LEXIS 76994, at *9 (quoting Nature's Benefit, Inc. v. NFI, 2007 U.S. Dist. LEXIS 62871, at *9). Thus, dismissal is inappropriate here.

As the Court has already determined that transferring the action, proceeding with the action, and dismissing the action are all inappropriate here, the only other option is to stay the action. It is also the wisest course. Staying this action serves the purposes of comity, preservation of judicial resources, and prevention of inconsistent judgments. Unlike transfer, a stay allows the Eastern District of Virginia case to proceed without the possibility that the statute of limitations blocks this action at a later date, even though it had been timely and properly filed. Unlike proceeding with the action here, staying the action allows the Eastern District of Virginia to proceed to a decision on personal jurisdiction or the merits

---

[3] Plaintiff also argues this Court should deny transfer because FMC's personal jurisdiction argument made in the Harrell Action is inconsistent with its litigation position here. Because the Court will not transfer the action, the Court finds this argument is moot and will not consider it.

without fear of an inconsistent judgment in this District.

At its core, this Court's action is contingent on the Eastern District of Virginia's decision on personal jurisdiction. A stay allows for simple disposition of this case once the personal jurisdiction question is decided. If the Eastern District of Virginia decides this question in favor of Plaintiff, then there are various ways in which this case may be terminated or transferred to join the Harrell and Chittick Actions. If the Eastern District of Virginia decides this question in favor of FMC, then the parties may reopen the case here and proceed with litigation – without fear of the statute of limitations barring the case. If the Eastern District of Virginia and the Fourth Circuit decide the Harrell and Chittick Actions have no merit, this case may be similarly dismissed based on preclusion grounds or on a simple stipulation of dismissal, signed by all parties' counsel.

Accordingly, this Court will stay this action pending decision in the Harrell and Chittick Actions. The parties may move to reopen this action at any appropriate time. The Court will not consider Plaintiff's argument concerning 12 U.S.C. § 2614 as it is moot in light of the Court's decision.

## CONCLUSION

For the reasons stated herein, this Court will grant, in part, Defendant's Motion to Transfer. The Court will order the

Clerk to stay this action pending disposition of the merits or the personal jurisdiction issue discussed <u>supra</u> by the Eastern District of Virginia.

An appropriate Order will be entered.


Date: June 27, 2019                  s/ Noel L. Hillman
At Camden, New Jersey          NOEL L. HILLMAN, U.S.D.J.